IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30786
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES KEVIN HODGES,

Defendant-Appellant.


_____

Appeal from the United States District Court for the
Western District of Louisiana
(96-CR-10002-01)
_____
July 27, 1998

Before EMILIA M. GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This is the second time that this case has appeared before this court. The appellant, James Kevin Hodges, now appeals the district court's re-imposition of a $10,000 fine against him as part of his criminal sentence. For the reasons set forth below, we AFFIRM.

On March 14, 1996, Hodges was indicted on one count of assault with a sawed-off shotgun, in violation of 18 U.S.C. § 113(a)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On March 27, 1996, Hodges pleaded guilty pursuant to a written plea agreement. At sentencing, the district court adopted the factual findings and guideline applications contained in the Presentence Investigation Report (PSR) and sentenced defendant to serve 27 months in prison to be followed by a three-year term of supervised release. The court also imposed a $10,000 fine. Defendant timely appealed his sentence.

On appeal, this court affirmed the 27-month sentence but, because the PSI contained facts suggesting that the defendant would have difficulty paying the fine imposed, vacated the $10,000 fine and remanded the case to the district court for specific findings which would satisfy the requirements of United States v. Fair, 979 F.2d 1037, 1041 (5th Cir. 1992). Specifically, the court held: "The holding in Fair is narrow -- where a district court adopts, and a defendant relies upon, a PSR showing limited ability to pay, the government must come forward with evidence and the court must make specific findings before a fine may be imposed."

On remand, the district court held a hearing, at which Hodges refused to testify. The government, however, presented the testimony of the probation officer who prepared the PSI, who stated that Hodges had previously been employed as a maintenance supervisor, earning $26,000 per year, and as an engineering manager, earning $31,500 per year. The probation officer further testified that Hodges had also previously attended college classes in air conditioning and refrigeration, electronics, and computer

literacy. Finally, and signficantly for the purposes of this appeal, the probation officer testified that she saw no reason why Hodges should not be able to find employment once released.

On the basis of the testimony presented at the hearing, the district court found that Hodges had held jobs in the past, that he had the mental capacity to hold a job, that it was "quite likely" that he would hold a job in the future, and that there was no reason why he could not have an earning capacity of substance and pay the $10,000 fine in the future. Accordingly, the district court reimposed the $10,000 fine.

After reviewing the record, we are unable to say that these findings of fact are clearly erroneous. See United States v. Goodman, 914 F.2d 696, 697-98 (5th Cir.1990). In addition, notwithstanding the fact that these findings were based, to a large extent, on evidence contained in the original PSR, we find that the district court's findings complied with the scope of our previous remand. In this respect, we note that the PSR did not simply conclude that Hodges would have difficulty paying any fine. Rather, the PSR continued: "However, should Mr. Hodges secure employment upon his release from custody, the likelihood of paying a fine will be substantially increased." PSR ¶ 63. As noted, after holding an evidentiary hearing, the district court specifically found that he would likely secure employment in the future that would enable him to pay the $10,000 fine. This finding was based not only of Hodges's educational and vocational

experience, which were also contained in the PSR, but on the new testimony of the probation officer, who testified that she saw no reason why Hodges should not be able to find employment once released. Such a finding clearly negates the concerns of the previous panel -- i.e., that the district court may have imposed a fine despite a finding in the PSI, which the district court originally adopted, that Hodges would have difficulty paying any fine. Moreover, we note that, to the extent that the passage of time proves these findings erroneous, the district court expressly indicated that it would reconsider the fine at that time.

For the reasons set forth above, we AFFIRM.